IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE CARPENTER,

        Plaintiff,                    No. CIV S-05-1225 DFL GGH PS

    vs.

TYCO PLASTIC CO.,

        Defendant.               <u>ORDER</u>

_____/

        Defendant's motion to transfer venue, filed September 2, 2005, is presently before the court. Plaintiff, proceeding pro se, has not filed an opposition in response to defendant's motion. After reviewing the motion, the court determined that oral argument is not necessary and issues the following order. This case has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).

        On May 20, 2005, plaintiff filed his complaint in the Superior Court of the State of California, County of Yolo. Defendants then removed the matter to this court on June 17, 2005. Defendant's motion to change venue was brought pursuant to 28 U.S.C. § 1404(a). Defendant argues that the convenience of the parties and witnesses, and the interests of justice, compel the transfer of this action to the District of Nevada.

\\\\\

1

1  This action stems from plaintiff's employment by defendant in Sparks, Nevada,
2  where plaintiff claims he was subjected to racial discrimination in the workplace. Defendant
3  asserts that almost all of the anticipated witnesses reside in Nevada and cannot be compelled to
4  attend trial in the Eastern District of California. Further, defendant alleges that the vast majority
5  of documentary evidence is located in Nevada, that Nevada law should govern plaintiff's claims,
6  and that the comparatively low docket congestion in the District of Nevada compels transfer from
7  the Eastern District of California, where the docket is considerably more congested.

8  The controlling statute, 28 U.S.C. § 1404(a) provides: "For the convenience of
9  parties and witnesses, and in the interest of justice, a district court may transfer any civil action to
10 any other district or division where it might have been brought." Under this provision, the
11 district court has discretion to adjudicate motions to transfer according to case-by-case
12 consideration of convenience and fairness. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498
13 (9th Cir. 2000).

14 The court weighs multiple factors in determining whether transfer is appropriate,
15 and may consider the following: (1) the state that is most familiar with the governing law; (2)
16 plaintiff's choice of forum; (3) the respective parties' contacts with the forum; (4) the contacts
17 relating to the plaintiff's cause of action in the chosen forum; (5) the differences in the costs of
18 litigation in the two forums; (6) the availability of compulsory process to compel attendance of
19 unwilling non-party witnesses, and (7) the ease of access to sources of proof. Jones, 211 F.3d at
20 498-99.

21 Based on a brief review of plaintiff's complaint, the court cannot determine what
22 law governs plaintiff's claims. On the cover sheet to the complaint filed in Superior Court,
23 plaintiff describes his case as a business tort, a civil rights violation, and an employment dispute.
24 Defendant asserts that Nevada law is controlling and plaintiff has not filed an opposition
25 disputing that contention. Plaintiff's choice to file suit in state court in Yolo County weighs
26 against transferring the case to the District of Nevada. Because plaintiff has not responded to

defendant's motion to transfer, it is unclear what his contacts with the Eastern District are, but it appears that he was employed by defendant in Nevada where his claims arose. The workplace where plaintiff suffered the alleged discrimination is in Nevada, as are the majority of anticipated witnesses, whom defendant claims cannot be compelled to attend trial in this court. Finally, defendant asserts that all documents relating to plaintiff's employment and termination are located in Nevada.

After considering the convenience of witnesses, the location of evidence, and judicial economy, the court in its discretion grants the motion to transfer venue. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986).

Good cause appearing, IT IS ORDERED that defendant's motion to change venue is GRANTED.

DATED: 10/26/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mb
Carpenter1225.tr